### CAMPBELL *v.* BABCOCK *et al.*

*(Supreme Court, Special Term, New York County. November, 1890.)*

1. LANDLORD AND TENANT—MERGER OF LEASE INTO CONTRACT OF PURCHASE.

    A lease of premises at a fixed yearly rent is not merged into a subsequent contract under which the tenant has the option of purchasing the premises at any time during his term; and, where he elects to avail himself of the contract of purchase, he must tender, not only the purchase money agreed on, but also the rent in arrear, before he is entitled to the deed.

2. SAME—SUMMARY PROCEEDINGS TO RECOVER POSSESSION—INJUNCTION.

    A tender of the purchase price agreed on in the contract of purchase, not accompanied by the rent in arrear, is not sufficient to entitle the tenant to an injunction against summary proceedings instituted by the landlord to recover possession for the rent in arrear.

At chambers. Action by Thomas C. Campbell against John J. Babcock and others to restrain summary proceedings instituted by defendant before a justice of the peace to recover possession of certain premises, and to compel defendant to convey the premises to plaintiff. A preliminary injunction was issued as prayed for, and plaintiff now moves for its continuance *pendente lite.*

*Campbell & Murphy,* (*J. D. Hallen,* of counsel,) for plaintiff. *William King Hall,* for defendants.

O'BRIEN, J. The law is settled that it is only in an extreme and clear case that the court will by injunction restrain summary proceedings instituted by a landlord to recover possession of premises for non-payment of rent. It is here shown that a lease was made to Elkins on March 13, 1886, for the term

of five years, at a yearly rental of $500. It is also made to appear that on April 5, 1886, an agreement was executed, pursuant to which the tenant, Elkins, obtained the right to purchase the premises at any time within five years, upon the payment of $8,000. It is evident that there was no intention by the execution of this latter agreement, under which Elkins had the right to purchase, to allow him to remain in possession of the premises for the term of five years, without paying rent therefor. In other words, it was not the intention of the parties to merge the lease into the alleged agreement of purchase, but the former was to continue in full force and effect until such time as Elkins should avail himself of his option of tendering the $8,000, and paying whatever was due for rent, and receive a deed of the premises. It is conceded and has been adjudicated upon by the justice that at the time of the summary proceedings there was due for rent the sum of $1,025. Then and for the first time the assignee of Elkins' contract of purchase claims to have tendered the $8,000, and to have demanded the deed for the premises. It is doubtful if even the tender, considering the circumstances under which it was made, was a good tender; but it is unnecessary to determine this question, in view of the fact that it is conceded that no tender in addition was made of the rent then due. If, at the time the summary proceedings were instituted, a tender of the rent due, together with the $8,000, had been made, a case would have been presented, in the event of the justice refusing to consider these facts, for the issuance of an injunction. I do not see, however, upon the facts, how the justice could have reached any other conclusion than the one arrived at by him, whether we regard the tender of the $8,000 as having been made or not; for there was then due by the tenant, for rent of the premises, the sum of $1,025, which was neither paid nor offered to be paid, and which the contract of purchase did not excuse the tenant from paying. The tenant, Elkins, prior to the assignment of his contract, in October, 1890, does not claim that he ever tendered the $8,000 and demanded a deed of the premises. He was therefore in possession of the same under the terms of his lease, and, having failed to pay his rent thereunder, and there being no claim that there had been any waiver under the alleged agreement on the part of the landlord either of the payment of the rent or of his right to invoke his remedies under the statute in case of a failure to pay the rent when due, the landlord was justified in instituting the proceedings, and the justice in granting the warrant. In other words, no attempt to avail of the option to purchase having been made prior to October, 1890, the right to possession was dependent on the payment of rent.

This case, in principle, seems to me to come within the decision of *Bostwick* v. *Frankfield*, 74 N. Y. 207. It was therein held that the rule as to the merger of a less estate with a greater is not inflexible, but in equity depends upon the express or implied intention of the person in whom the estate united. So, also, the equitable doctrine which protects one who has contracted for the purchase of land by treating him as the owner, and the vendor as the owner of the purchase money, is not invariable, and cannot be applied where the intention of the parties is clearly adverse to such a presumption. The language of the judge in the beginning of his opinion is apt, as bearing upon the facts here presented, wherein he says: "If the lease executed * * * was valid and operative at the time when the summary proceedings were instituted by the defendant, and possession obtained under the same, the plaintiff cannot maintain this action." The proceedings before the justice involved the determination of the time and letting of the premises, and as to the rent being in arrears, and the effect of the alleged agreement to purchase, and such were within his jurisdiction to decide, and this court has no supervisory power over its judgment to review or supersede its execution in a suit of this character. If aggrieved, the remedy is by appeal. The mistake or error into which the plaintiff here fell was in assuming that by a tender of

$8,000 he was entitled to get rid of the payment of the rent due, and this court has no right to relieve the defendant from the consequences of this mistake by enjoining the issuance of the warrant upon defendant now offering to pay the rent which he should have paid before the warrant was issued. The motion to continue the injunction must therefore be denied, with costs.