LYLE et al. v. LITTLE et al.

(Supreme Court, Appellate Division, First Department.    April 7, 1898.)

ADJOINING LANDOWNERS—TRESPASS—DISMISSAL.

    An owner of a building brought an action against the owner of an adjoining lot, who was proceeding to build thereon, to restrain him from setting beams into a wall of plaintiff's building which, as plaintiff claimed and defendant denied, stood wholly on plaintiff's land. A preliminary injunction was denied for failure to produce conviction in the mind of the court as to plaintiff's title to the land on which the wall stood, and, at the trial, plaintiff's counsel, in his opening, while reiterating the facts alleged in the complaint, admitted that defendant's building had in the meantime been completed. *Held*, that as, upon the allegations of the complaint and opening, plaintiff was entitled to relief, though the form and measure thereof were to be adapted to the situation at the time of decree, a dismissal of the complaint at the close of plaintiff's opening was error.

Appeal from special term, New York county.

Action by John S. Lyle and John T. Lord against Joseph J. Little and Timothy Mahoney. From a judgment dismissing the complaint at close of plaintiffs' opening, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

F. R. Coudert, for appellants.
Alfred B. Thacher, for respondents.

O'BRIEN, J. In this action it was sought to obtain an injunction against the defendants from interfering with an independent wall on the north side of the building No. 471 Broadway, in the city of New York, which was originally constructed some 30 or 40 years ago. The adjoining building, No. 473 Broadway, which was constructed about 40 years ago, was torn down, to make room for a larger building. In connection with the latter, the defendant Little claimed that part of the north wall of No. 471 encroached upon his lot, and he started to cut channels in it, upon which to rest iron beams. The complaint alleges:

    "That the said wall is on the property of these plaintiffs, and these plaintiffs have, as they are informed and believe, the right to maintain it as it now stands; but the defendants propose to, and will, unless restrained as aforesaid, trespass without right, authority, or due process of law, but with force and violence will enter upon these plaintiffs' property, and remove a portion of said wall as aforesaid; and these plaintiffs aver that the maintenance of said wall does not trespass upon the defendants' said property, and the defendants well know the fact so to be. Wherefore these plaintiffs demand that the defendants * * * be forever enjoined and restrained from in any manner interfering with or removing any part of the northerly wall of the plaintiffs' building, * * * or interfering with the plaintiffs' possession thereof, and that the plaintiffs have such other, further, or different judgment, order, or relief in the premises as may be just and equitable."

In his opening, the plaintiffs' counsel stated that he would prove that, the plaintiffs having failed to obtain a preliminary injunction, the defendant Little proceeded and cut into the wall, and afterwards, in the construction of his building, he carried it up flush to

the wall of the plaintiffs' building, taking two inches which were in dispute, and to which he was not entitled. He admitted, however, that during the pendency of the action the defendant's building had been completed. Upon this and the further ground that no injury to the plaintiffs' property was at the time of the trial threatened or contemplated, the court dismissed the complaint; and it is from the judgment thereupon entered that this appeal is taken.

For the purpose of determining whether this ruling was right, the plaintiffs must be treated as though they had proved every allegation in their complaint and in the opening of their counsel; in other words, what, under the allegations of their complaint, they could prove, and offered to prove, must be taken as proved in testing the correctness of the learned judge's decision. The plaintiffs alleged in their complaint, and their counsel in his opening stated that they were prepared to prove, that they were entitled to the possession of their northerly wall just as it stood before the defendant took down the old adjoining building and commenced the construction of the new one, and that the threatened acts of the defendant ripened into an actual trespass during the pendency of the action, by his unlawfully trespassing, without right or authority, upon their premises, and removing a portion of their wall, which, as a result, was rendered unsafe, and subsequently had to be taken down; and that in constructing his new building the defendant has appropriated the portion of the plaintiffs' premises in dispute. Assuming, as we must, that the plaintiffs could prove these facts by competent evidence, we think it needs no discussion, but the simple statement that they are entitled to relief. The fact that the defendant has completed his building in no way affects this right. At the time the action was commenced, the plaintiffs were entitled to restrain the threatened invasion of their property; and their failure to obtain a preliminary injunction is by no means conclusive, because that necessarily had to be disposed of upon the showing made upon the motion. At that time the plaintiffs' claim to the land in dispute was denied, and it was because of the failure to produce conviction in the mind of the court upon the conflicting affidavits that the relief by way of preliminary injunction was withheld. Taking the allegations of the complaint and the statements of counsel in his opening as established, it would appear that the defendant has appropriated a portion of the plaintiffs' property by constructing the wall of his building thereon. It must be remembered, as has been frequently said, and as well expressed in Van Allen v. Railroad Co., 144 N. Y. 179, 38 N. E. 997, that the jurisdiction "of equity depends upon the position of the plaintiff, and the relief to which he is entitled at the time the suit is brought. The measure of the relief is adapted to the situation at the time of the decree. When the jurisdiction has once attached, it is not affected by changes which occur subsequently, so long as any cause of action survives upon the facts alleged, though such changes may affect the nature and the extent of the relief to

which the party may be entitled. No principle is better established, or more frequently asserted, than that, when a court of equity has once acquired jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all the matters at issue. * * * This feature of equity jurisdiction is well illustrated in actions for the specific performance of contracts for the sale of lands, where it appears upon the trial that the defendant has for some reason always been unable to perform, but that that fact was not known to the plaintiff at the time of the commencement of the action. In such cases the court will grant a decree for simple damages, because the plaintiff came into equity in good faith." And in Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255, which was an action brought to obtain the cancellation of conveyances, it appeared that the defendant had conveyed the land to an innocent purchaser in good faith; and the court, in disposing of the contention that, because the particular relief could not be accorded, therefore damages could not be awarded, said:

"But the fraudulent grantee, by his own act in conveying the land to a purchaser in good faith, and without notice, has prevented the plaintiff from recovering the land; and, under such circumstances, it is but just and equitable that he should restore to the plaintiff its equivalent in money, not as damages, but as a substitute for the land itself. * * * It is a familiar principle that a court of equity, having obtained jurisdiction of the parties and the subject-matter of the action, will adapt its relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff, and give him a personal judgment therefor, when that form of relief becomes necessary in order to prevent a failure of justice, and when it is for any reason impracticable to grant the specific relief demanded."

In the case at bar, if at the time of the commencement of the action the plaintiffs, by reason of the ownership of the disputed land, had the right to an injunction to prevent the defendant from taking possession thereof and building his wall thereon, such right was not lost by the fact that the act of trespass was so far successful that at the time of the trial the defendant had gone into actual possession of the land. The counsel for the plaintiffs, in arguing against the dismissal of the complaint upon this ground, stated that he had a right to show that at the time the action was brought the land belonged to the plaintiffs, and that the defendant had no right to build his wall thereon; and, if he could succeed in making such proof, he would be entitled to a judgment compelling the defendant to remove the wall or pay the damages. If, instead of a mandatory injunction, the court had made an allowance in damages, this would have been in reality a favor to the defendant. As a matter of strict right, what the plaintiffs, under the circumstances, were entitled to, was a mandatory injunction to remove the defendant's wall. If it had been shown, by reason of any special circumstances presented, that this would be a hardship, or inequitable, and if the plaintiffs expressed a willingness to take in lieu thereof damages, the court might have been justified in fixing and awarding such damages as would compensate the plaintiffs; such damages being alternative relief fixed as a favor to the

defendant, to prevent the greater injury which would result to him if obliged to take down his wall.

We think that the judgment was wrong, and should be reversed, and a new trial ordered, with costs to the appellants. All concur.