JOHN S. LYLE and JOHN T. LORD, Appellants, v. JOSEPH J. LITTLE and TIMOTHY MAHONEY, Respondents.

*Equity — injunction to prevent an encroachment upon real property — the remedy is not lost because the act is consummated — proper form of judgment.*

The jurisdiction of equity depends upon the position of the plaintiff and the relief to which he is entitled at the time the suit is brought. The measure of the relief is adapted to the situation at the time of the decree.

In an action brought to restrain the defendants from interfering with an independent wall on the north side of a building belonging to the plaintiffs, known as No. 471 Broadway, New York city, in the erection on the north thereof of a new building in place of No. 473 Broadway, the complaint alleged that the wall upon which the encroachment was about to be made was "on the property of these plaintiffs, and these plaintiffs have, as they are informed and believe, the right to maintain it as it now stands, but the defendants propose to and will, unless restrained as aforesaid, trespass without right, authority or due process of law, but with force and · violence will enter upon these plaintiffs' property and remove a portion of said wall as aforesaid, and these plaintiffs aver that the maintenance of said wall does not trespass upon the defendants' said property, and the defendants well know the facts so to be," and ended with a prayer that the defendants "be forever enjoined and restrained from in any manner interfering with or removing any part of the northerly wall of the plaintiffs' building," etc. One of the defendants claimed that part of the north wall of No. 471 encroached upon the lot of No. 473, and he cut channels in it upon which to rest iron beams.

At the time that the case came to trial, a temporary injunction having been refused, the building No. 473 Broadway had been completed by including in such construction two inches of land which were in dispute between the parties.

The plaintiffs offered to prove that the defendants' trespass had resulted in weakening the wall so that it had to be taken down, and that in constructing the new building the defendants had appropriated a portion of the plaintiffs' premises.

*Held,* that the complaint stated a cause of action;

That the fact that the defendants had constructed their building and had actually appropriated the portion of the plaintiffs' premises in dispute did not affect the plaintiffs' right of action;

That, as a matter of strict right, the plaintiffs, under the circumstances, were entitled to a mandatory injunction requiring the defendants to remove the wall;

That if, by reason of any special circumstances presented, this would be a hardship or inequitable, and the plaintiffs expressed a willingness to take damages in lieu thereof, the court would be justified in awarding such damages as would compensate the plaintiffs; such damages representing an alternative relief, determined on as a favor to the defendants to prevent the greater injury which would result to them from being obliged to take down their wall.

APPEAL by the plaintiffs, John S. Lyle and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 9th day of June, 1897, upon the decision of the court rendered at a trial at the New York Special Term dismissing the complaint at the close of the plaintiffs' opening.

*F. R. Coudert*, for the appellants.

*Alfred B. Thacher*, for the respondents.

O'BRIEN, J. :

In this action it was sought to obtain an injunction against the defendants from interfering with an independent wall on the north side of the building No. 471 Broadway, in the city of New York, which was originally constructed some thirty or forty years ago. The adjoining building, No. 473 Broadway, which was constructed about forty years ago, was torn down to make room for a larger building. In connection with the latter the defendant Little claimed that part of the north wall of No. 471 encroached upon his lot, and he started to cut channels in it upon which to rest iron beams. The complaint alleges " that the said wall is on the property of these plaintiffs, and these plaintiffs have, as they are informed and believe, the right to maintain it as it now stands, but the defendants propose to and will, unless restrained as aforesaid, trespass without right, authority or due process of law, but with force and violence will enter upon these plaintiffs' property and remove a portion of said wall as aforesaid, and these plaintiffs aver that the maintenance of said wall does not trespass upon the defendants' said property and the defendants well know the fact so to be. Wherefore, these plaintiffs demand that the defendants * * * be forever enjoined and restrained from in any manner interfering with or removing any part of the northerly wall of the plaintiffs' building * * * or interfering with plaintiffs' possession thereof, and that the plaintiffs have such other, further or different judgment, order or relief in the premises as may be just and equitable."

In his opening the plaintiffs' counsel stated that he would prove that, the plaintiffs having failed to obtain a preliminary injunction, the defendant Little proceeded and cut into the wall, and afterwards, in the construction of his building, he carried it up flush to the wall

of the plaintiffs' building, taking two inches which were in dispute and to which he was not entitled. He admitted, however, that during the pendency of the action the defendants' building had been completed. Upon this and the further ground that no injury to the plaintiffs' property was at the time of the trial threatened or contemplated, the court dismissed the complaint, and it is from the judgment thereupon entered that this appeal is taken.

For the purpose of determining whether this ruling was right, the plaintiffs must be treated as though they had proved every allegation in their complaint and in the opening of their counsel. In other words, what, under the allegations of their complaint, they could prove and offered to prove, must be taken as proved, in testing the correctness of the learned judge's decision. The plaintiffs' counsel in his opening stated that they were prepared to prove that they were entitled to the possession of their northerly wall just as it stood before the defendant took down the old adjoining building and commenced the construction of the new one, and that the threatened acts of the defendant ripened into an actual trespass during the pendency of the action, by his unlawfully trespassing, without right or authority, upon their premises and removing a portion of their wall, which, as a result, was rendered unsafe and subsequently had to be taken down, and that in constructing his new building the defendant has appropriated the portion of the plaintiffs' premises in dispute.

Assuming, as we must, that the plaintiffs could prove these facts by competent evidence, we think it needs no discussion but the simple statement to show that they are entitled to relief. The fact that the defendant has completed his building in no way affects this right. At the time the action was commenced the plaintiffs were entitled to restrain the threatened invasion of their property, and their failure to obtain a preliminary injunction is by no means conclusive, because that necessarily had to be disposed of upon the showing made upon the motion. At that time the plaintiffs' claim to the land in dispute was denied, and it was because of the failure to produce conviction in the mind of the court upon the conflicting affidavits that the relief by way of preliminary injunction was withheld. Taking the allegations of the complaint and the statements of counsel in his opening as established, it would appear that the defendant has appropriated a portion of the plaintiffs' property by constructing the wall of his

building thereon. It must be remembered, as has been frequently said, and as well expressed in *Van Allen* v. *N. Y. E. R. R. Co.* (144 N. Y. 179), that the jurisdiction "of equity depends upon the position of the plaintiff and the relief to which he is entitled at the time the suit is brought. The measure of relief is adapted to the situation at the time of the decree. When the jurisdiction has once attached, it is not affected by changes which occur subsequently, so long as any cause of action survives upon the facts alleged, though such changes may affect the nature and extent of the relief to which the party may be entitled. No principle is better established or more frequently asserted than that when a court of equity has once acquired jurisdiction over a cause for any purpose, it may retain the cause for all purposes and proceed to a final determination of all the matters at issue. * * * This feature of equity jurisdiction is well illustrated in actions for the specific performance of contracts for the sale of lands, where it appears upon the trial that the defendant has for some reason always been unable to perform, but that that fact was not known to the plaintiff at the time of the commencement of the action. In such cases the court will grant a decree for simple damages, because the plaintiff came into equity in good faith." And in *Valentine* v. *Richardt* (126 N. Y. 272), which was an action brought to obtain the cancellation of conveyances, it appeared that the defendant had conveyed the land to an innocent purchaser in good faith, and the court, in disposing of the contention that, because the particular relief could not be accorded, therefore, damages could not be awarded, said : "But the fraudulent grantee, by his own act in conveying the land to a purchaser in good faith and without notice, has prevented the plaintiff from recovering the land, and under such circumstances it is but just and equitable that he should restore to the plaintiff its equivalent in money, not as damages, but as a substitute for the land itself. * * * It is a familiar principle that a court of equity, having obtained jurisdiction of the parties and the subject-matter of the action, will adapt its relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor when that form of relief becomes necessary in order to prevent a failure of justice, and when it is for any reason impracticable to grant the specific relief demanded."

In the case at bar, if, at the time of the commencement of the action, the plaintiffs, by reason of the ownership of the disputed land, had the right to an injunction to prevent the defendant from taking possession thereof and building his wall thereon, such right was not lost by the fact that the act of trespass was so far successful that at the time of the trial the defendant had gone into actual possession of the land. The counsel for the plaintiff, in arguing against the dismissal of the complaint upon this ground, stated that he had a right to show that, at the time the action was brought, the land belonged to the plaintiffs, and that the defendants had no right to build their wall thereon ; and if he could succeed in making such proof, he would be entitled to a judgment compelling the defendant to remove the wall or pay the damages. If, instead of a mandatory injunction, the court had made an allowance in damages, this would have been in reality a favor to the defendant. As a matter of strict right, what the plaintiffs, under the circumstances, were entitled to was a mandatory injunction to remove the defendant's wall. If it had been shown, by reason of any special circumstances presented, that this would be a hardship or inequitable, and if the plaintiffs expressed a willingness to take in lieu thereof damages, the court might have been justified in fixing and awarding such damages as would compensate the plaintiffs; such damages being alternative relief fixed as a favor to the defendant to prevent the greater injury which would result to him if obliged to take down his wall.

We think that the judgment was wrong and should be reversed and a new trial ordered, with costs to the appellant.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, with costs to appellant.