NEW YORK BUILDING LOAN BANKING COMPANY, Respondent, *v.* FRANK F. KEENEY, Appellant.

*Contract between a building loan corporation and a member — when, although providing for the purchase by the member of land held by the corporation, it creates the relation of landlord and tenant.*

A contract entered into between a building loan corporation and one of its members, recited that such member was desirous of acquiring certain real estate, and had subscribed for a certain number of shares of the capital stock of the corporation, and had bid a premium to secure an advance on such stock for the purpose of aiding him in acquiring such property. The contract further stated that the corporation had let to such member the said premises for a term co-extensive with the term required to mature or fully pay the aforesaid shares of stock (estimated to be about twenty-one years), and provided that the member should pay certain specified rent, which included all interest charges and all dues upon the aforesaid shares of stock, and, in addition, all taxes and other charges upon the premises, and that in such case the corporation would, on the maturity of said shares, execute to the member a proper deed of conveyance of the premises. It also provided that if any rent or other payment should remain unpaid for a period of sixty days, the advances should at once become due and payable, and the association " have all the rights and remedies of a landlord with respect to the said premises."

*Held,* that such contract created the relation of landlord and tenant between the corporation and the member until the maturity of the shares, and that in a proper case the corporation might maintain summary proceedings for the dispossession of the member.

APPEAL by the defendant, Frank F. Keeney, from a final order of the Municipal Court of the city of New York, borough of The Bronx,

first district, made on the 11th day of June, 1900, awarding to the plaintiff possession of the premises described in the petition in the proceeding which was instituted to obtain possession of certain real estate in a summary manner from the defendant.

*Charles Haldane,* for the appellant.

*Benjamin Trapnell,* for the respondent.

WOODWARD, J. :

This is a summary proceeding to remove a tenant, under the provisions of section 2231 of the Code of Civil Procedure, and the only question on this appeal is raised by the motion made on the part of the tenant to dismiss the proceeding on the ground that the relation of landlord and tenant is not shown to exist between the parties. The right of the petitioner to maintain this proceeding is predicated upon the written agreement between the parties, which makes up a part of the return. We are asked to determine this question.

The petitioner is a building loan corporation, and it is provided in its by-laws that it may purchase or acquire a particular piece of property for any of its members, which is to be paid for by the stock of the corporation when fully paid in. In June, 1899, the petitioner entered into a written contract with the tenant, in which it was recited that " whereas, the said Frank F. Keeney, party of the second part, as a member of the above-named corporation, being desirous of acquiring the real property hereinafter more fully described, has bid a premium on the company's usual form, in accord ance with the conditions expressed in the articles of association of the party of the first part, such premium being a sum of money paid by the party of the second part for priority of right to secure an advance on the shares of stock of the party of the first part for the purpose of aiding him in acquiring the property above referred to, and in conformity therewith has paid unto the party of the first part the sum of one dollar on account of said premium and the contract price of said premises." The agreement further recites that Frank F. Keeney has subscribed for 218 shares of a certain class of the capital stock of the party of the first part, having a par value of $100 each, " which shares represent the amount still due and to be paid to the party of the first part, with interest." Then follows

the declaration : " Now, therefore, this indenture witnesseth, that the said party of the first part hath let, and by these presents doth grant, demise and let, unto the said party of the second part, and the party of the second part hath hired and taken, and by these presents doth hire and take, of and from the said party of the first part," the premises involved in this proceeding, " together with all the appurtenances, for a term co-extensive with the term required to mature or fully pay the aforesaid shares of stock, which term, it is estimated, will be about twenty-one years, at the monthly rental of $119.90, to be paid on the first of each and every month in advance during said term." The parties then covenant that " the party of the second part will pay unto the party of the first part the said rent as specified, which sum includes all interest charges and all dues upon the aforesaid shares of stock ; and in addition thereto will pay all taxes, assessments and other charges from time to time levied, assessed or imposed upon said premises aforesaid, by lawful authority, within three months after the same shall be imposed or confirmed, and will keep the buildings upon said premises insured against loss by fire for the benefit of the party of the first part ; * * * that the party of the second part will keep said premises in good condition and repair ; * * * that the party of the second part hereby assigns unto the party of the first part the said 218 class ' A$^{21}$ ' shares of the capital stock of the party of the first part taken to cover the unpaid purchase money and the premium bid, and subscribed for as aforesaid, as collateral security for the performance of the covenants on the part of the party of the second part contained in this instrument ; * * * that the party of the second part, upon performing the covenants aforesaid, may peaceably and quietly have, hold and enjoy the said premises for the term specified ; * * * the said covenants on the part of the party of the second part having been duly performed during the term aforesaid, the said term being completed by the maturity of said shares, the party of the first part at such time shall and will execute, acknowledge and deliver to the party of the second part, his heirs, executors or assigns, or cause to be executed, acknowledged and delivered a proper deed of conveyance, containing the usual covenants and a warranty of titles, conveying and assuring to him or them the fee simple of said premises, free from all incumbrances

resting thereon capable of being discharged." It is further cove-̣nanted " that if any rent or payment shall be due and unpaid for the period of sixty days, or if default shall be made by the party of the second part as to any of the covenants herein contained, then the party of the first part may re-enter said premises and may re-possess the same ; and furthermore the full sum advanced or to be advanced by the party of the first part upon said premises, together with the premium thereon, and all fines duly imposed shall at once become due and payable, and the party of the first part shall have all the rights and remedies of a landlord with respect to the said premises."

In other words, the petitioner, being the owner of the premises, undertook to rent the same to the tenant for a period of twenty-one years, with the condition that if all the covenants were observed during that period it would make a transfer of the property to the tenant, and the latter, having come into the possession of the premises under the provisions of this lease, in which he has agreed that on default of payments the party of the first part is to have " all the rights and remedies of a landlord," asks this court to hold that the relation of landlord and tenant does not exist under the contract. The scheme of the loan association contemplates the surrender and cancellation of the stock at the time of the transfer, and article 56 of the articles of association provides that " such surrender and cancellation shall be deemed a valid consideration for the passing of the title from the corporation to the member." In other words, the paid-up shares of the capital stock stand as an obligation of the corporation, and these are discharged by the transfer of the title to the member on his surrender of the stock. This contract is in spirit not unlike that involved in *Stewart* v. *Long Island R. R. Co.* (102 N. Y. 601, 613), where the court held that " the agreement to transfer the fee to the lessee did not merge the term of fifty years, nor prevent the relation of landlord and tenant subsisting between the original lessee or its transferee of the term during its continuance." (See *Bostwick* v. *Frankfield*, 74 N. Y. 207.) In the case last cited a covenant to convey a fee to the lessee was held not to create an equitable estate in fee in the lessee, in which his estate as lessee merged, but that the lease remained in full force, and the relation of landlord and tenant continued, until performance

of the contract of purchase, and the landlord was entitled to dispossess the lessee by summary proceedings against him as tenant. (*Stewart* v. *Long Island R. R. Co., supra,* at p. 614.)

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment of the Municipal Court affirmed, with costs.