(38 Misc. Rep. 578.)

ASBYLL et al. v. HAIMS.

(Supreme Court, Special Term, New York County. August, 1902.)

1. LANDLORD AND TENANT—DISPOSSESSION—ENJOINING WARRANT.
    Where, before issue of a warrant of dispossession in summary proceedings, the landlord in bad faith refused the tenant's tender of all that was due him for rent and costs of the judgment, which tender was duly made under the provisions of Code Civ. Proc. § 2254, equity will restrain execution of the warrant, and validate the lease.

Action by Barnet Asbyll and another against Lewis Haims to enjoin the defendant from executing a warrant of dispossession obtained in summary proceedings against plaintiffs as tenants. Judgment for plaintiffs.

Morris A. Rabinovitch and Samuel I. Frankenstein, for plaintiffs.
Eugene I. Yuells, for defendant.

WRIGHT, J. The defendant, on July 3, 1901, leased to the plaintiffs the premises known as "No. 628 East Fifth Street, Manhattan Borough, New York City," a tenement house, for the term of three years and ten months from the 1st day of July, 1901, at a yearly rental of $3,550, payable in semimonthly payments, in advance, $147.92 becoming due on or before the 10th day, and the balance, $147.91, on or before the 20th day, of each month.

As required by the lease, the plaintiffs deposited with the defendant $591.46 as security for the performance by the plaintiffs of their covenants. Owing to a misunderstanding respecting the amount due on July 20, 1901, on account of an offset claimed by the plaintiffs, they gave the defendant a check for only $108.21 as full payment. This check the defendant retained until July 25th, when he returned it. During the following day the plaintiffs made several attempts to find the defendant at his office, for the purpose of paying the rent, but failed. On the next day, July 27th, the summary proceedings in question were begun, and on the 31st were brought on for hearing before the municipal court.

The plaintiffs herein, although having an answer prepared, consented in open court that judgment might be entered against them, upon the express condition that they should have one day thereafter in which to pay the full amount claimed by the defendant herein to be due, viz., $147.91 with costs, and that the issue of the warrant of dispossession should be stayed in the meantime. This was agreed upon, and judgment was accordingly entered, and the issuance of the warrant stayed. On the same day (July 31st), while the warrant was thus stayed by the agreement of the parties, the plaintiffs herein offered and tendered in cash the full amount of the rent due ($147.91), and the costs of the proceedings ($14.25), to the clerk of the municipal court, who declined to receive the money on the ground that he did not have the papers in the proceedings at hand, and did not know the correct amount of the rent. Thereupon, on the same day (July 31st), the plaintiff Mr. Asbyll offered and tendered to the defendant $162.16, in cash, for said rent and costs, that being the full amount due, and the defendant refused it, but referred Mr. Asbyll to his (the defendant's) attorney, Mr. Yuells. Thereupon Mr. Asbyll went to the office of Mr. Yuells, and offered to pay the rent and costs to him, but he refused it on the ground that Mr. Asbyll brought no written card from the landlord authorizing him to receive it. Thereupon Mr. Asbyll went back to the landlord's office, at about 3 o'clock p. m. of the same day, but found the office locked, and was unable to see him again that day. On the next morning, August 1st, before 10 o'clock, Mr. Asbyll again went to the said clerk's office, and offered in cash the amount of the rent and costs to the clerk, who refused it on the ground that he did not have the papers in the case, and had no right to take the money. Thereupon, on that day (August 1st), the warrant of dispossession was issued by being signed by the judge of said court and delivered to the clerk, to the end that it should be executed by the marshal. A temporary injunction was obtained restraining its execution, which was subsequently dissolved, and on September 2d the warrant was executed, and the plaintiffs dispossessed. The plaintiffs in due time, and in good faith, tendered to the defendant all that was due him, and the defendant in bad faith refused to receive it.

Under the circumstances, equity regards the tenancy in full force at the moment the tender was made and refused; for the entry of judgment, being accompanied by a stay of proceedings, did not terminate the lease while the judgment was unexecuted, and while the

tenants remained in possession under the agreement by which the judgment was rendered. Powers v. Carpenter, 15 Wkly. Dig. 155; Newcombe v. Eagleton, 19 Misc. Rep. 603, 44 N. Y. Supp. 401. And during the time before the issuing of the warrant by the delivery thereof to the clerk with direction to enter it, and before the entry thereof pursuant to such direction, the plaintiffs had the right, under section 2254 of the Code of Civil Procedure, to pay the rent and costs; and their failure to do so was due to no fault of theirs, but wholly due to the bad faith of the defendant in refusing to receive it. If, under the circumstances of this case, the lease could be considered forfeited, equity would relieve the tenants upon terms, as their default would be considered as made through mistake and a misunderstanding of the parties. Giles v. Austin, 38 N. Y. Super. Ct. 215, affirmed 62 N. Y. 486. This is one of those cases which have been denominated as "extreme and clear," in which a court of equity will interpose, and restrain the execution of a warrant of dispossession. Campbell v. Babcock, 26 Abb. N. C. 35, 13 N. Y. Supp. 843. It is unnecessary in this case to determine whether or not the clerk of the municipal court had authority, under the statutes, to receive the rent and costs, since the tender was made in due time directly to the landlord. The several attempts to pay the rent to the clerk are considered only on the question of good faith. The defendant having refused to receive the rent, it was not necessary for the plaintiffs to continue to tender the rent which subsequently became due, since that course would have been fruitless, as shown by the defendant's attitude. A court of equity will adapt its relief to the circumstances existing at the date of the decree. Lyle v. Little, 28 App. Div. 181, 50 N. Y. Supp. 947; Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645; Kilbourne v. Board, 137 N. Y. 178, 33 N. E. 159. Relief will be administered as the nature of the case demands at the close of the litigation. Peck v. Goodberlett, 109 N. Y. 180, 16 N. E. 350; Pond v. Harwood, 139 N. Y. 120, 34 N. E. 768. And whenever a complete determination of the rights of the parties cannot be made without further proceedings in the case, equity will direct such proceedings to be taken. In speaking of this rule in Pond v. Harwood, 139 N. Y., on page 120, 34 N. E. 768, Judge Maynard says:

"If upon the trial it should appear that there were any equitable reasons why a set-off should be allowed of a debt acquired after the action was brought, it cannot be doubted that the court would have jurisdiction to direct it to be done."

In this case the plaintiffs are entitled to have the rental value of the premises received by the defendant offset against the amount due from him for rent; and that adjustment necessitates a reference. The plaintiffs are, therefore, entitled to judgment vacating the judgment of the municipal court and the writ of dispossession, and awarding them the possession of the premises; and requiring the plaintiffs to account to the defendant for the amount of rent due at the time of the entry of judgment herein, together with the costs of the summary proceedings, and interest on the several sums from the time that they became due; and requiring the defendant to account to the plaintiffs for the rental value of the premises since the date of said dispos-

session; and providing that a reference be had for the purpose of determining the amount due either party as a balance, on the principles above stated; and that, on the coming in of the referee's report, judgment thereon may be entered on the foot hereof. The costs and disbursements of this action, including the disbursements of said reference, with 5 per cent. additional allowance, may be taxed in favor of the plaintiffs when final judgment is entered on said report. Findings and judgment may be prepared accordingly.

Judgment accordingly.