BLAKE v. McCARTHY et al.

(Supreme Court, Trial Term, Monroe County. February 25, 1909.)

1. ADJOINING LANDOWNERS (§ 9*)—ENCROACHMENTS—REMEDY.
   The taking down of a wall of a building encroaching on an adjoining lot would impose a risk of an action for damages on a sheriff, which he is not bound to incur under an execution.
   [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

2. ADJOINING LANDOWNERS (§ 9*)—ENCROACHMENTS—REMEDY.
   One is entitled to a removal of an encroachment upon his land by an adjoining building.
   [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

3. ADJOINING LANDOWNERS (§ 9*)—ENCROACHMENTS—REMEDY.
   One suing to remove an encroachment upon his lot by an adjoining building is entitled to both legal and equitable relief.
   [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

4. ADJOINING LANDOWNERS (§ 9*)—ENCROACHMENTS—REMEDY.
   Defendant should be compelled to remove an encroachment of his building on plaintiff's land, or accept plaintiff's offer to exchange the land occupied by it for an equal area of defendant's land, of less value, adjoining plaintiff's lot on the other side.
   [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 67–73; Dec. Dig. § 9.*]

Action by Byron S. Blake against Mary E. McCarthy and others. Judgment for plaintiff.

Smith, De Graff & Castleman, for plaintiff.
Webb & Van Demark, for defendants.

BENTON, J. This action is to recover real property. It involves a claim of title and the location of boundary lines. These are questions of law. They have been settled by a jury, whose verdict establishes that defendant's building encroached on the land of plaintiff in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a triangular form, namely, over a foot at the east end of defendant's frame house, and running to a point in the neighborhood of 65.18 feet westerly therefrom. Plaintiff is entitled to the removal of this encroachment. It cannot be removed by execution, because of the damage to the remainder of defendant's property. By taking down the wall, it would impose a risk of damage upon the sheriff which he is not bound to incur in an execution. Baron v. Korn, 127 N. Y. 224, 228, 27 N. E. 804.

Plaintiff is entitled in a single action to both legal and equitable relief in a case like this. He has enforced his legal right. The jury rendered their verdict for him. He is now seeking his equitable remedy by asking the interposition of the court to remove the encroachment. To this he is entitled. Hahl v. Sugo, 169 N. Y. 109, 62 N. E. 135, 61 L. R. A. 226, 88 Am. St. Rep. 539; Lyle v. Little, 28 App. Div. 181, 185, 50 N. Y. Supp. 947.

Plaintiff's premises are so situated that his northern boundary line is very close to the southern boundary line of another lot owned by defendant, lying north of plaintiff's premises. It is so close as to impair the use and comfort of the frame dwelling belonging to plaintiff on said lot. He proposed to deed to the defendant sufficient from the southern portion of his lot to relieve defendant's encroachment, and that defendant shall deed to him sufficient to make his dwelling accessible and comfortable. This involves a strip of land triangular in form, beginning at a point on Plymouth avenue, extending back 165 feet along the present northerly boundary line of plaintiff, and thence northerly 5.8 feet, thence westerly 165.8 feet to the place of beginning. Evidence of values of the respective parcels of land have been given and I find therefrom the land which the plaintiff proposes to deed to the defendant much exceeds in value that which he offers to accept in lieu from the defendant. It is manifestly just and equitable that this exchange be made. It seems very clear to me that the interests of each and of all parties concerned will be served by this exchange, and the troublesome boundary line difficulty settled, so as not to interfere with the buildings now standing on said lots and their comfortable use.

Judgment is therefore ordered and a decree granted plaintiff, requiring defendant to remove the encroachment of his building upon plaintiff's land within three months, or in lieu thereof deed plaintiff by proper form of conveyance the triangular piece of land heretofore described, upon receipt from plaintiff by like conveyance of a piece taken from the southerly side of plaintiff's lot, and being in width at the west end 2.86 feet, in width at the south side 65.18 feet, in width at the east line 4.72 feet, and in length at the north line 65.25 feet. Each of these parcels is set out and described upon a map herein named as "Ryan's Map No. 2" ordered by the court, which map should be filed in the office of the clerk of Monroe county as a part of the decree herein and referred to therein. Plaintiff is entitled to the costs of this action, and such further application may be made by either party as advised.

Let findings in proper form, and a decree or judgment thereon, be prepared, filed, and entered.