502 PARK AVENUE CORPORATION, Plaintiff, *v.* DELMONICO HOTEL, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, July 17, 1928.

See headnote, *502 Park Avenue Corporation* v. *Delmonico Hotel, Inc. (ante,* p. 502).

SUMMARY PROCEEDING to dispossess for non-payment of rent.

*M. Carl Levine* [*A. Lincoln Levine* of counsel], for the plaintiff.

*Abraham J. Halprin,* for the defendant.

GENUNG, J. (On rehearing). The landlord argues that the court, in applying the doctrine that, where a greater estate and a lesser meet and coincide in the same person and the same right, the lesser estate is merged, has failed to give effect to the intention of the parties as expressed in the lease and the option agreement. (*Bostwick* v. *Frankfield,* 74 N. Y. 207.) In that case a lease was made with the tenant for a term of years and later a contract of sale of the property to the tenant was executed, but title was not passed and a deed was not delivered at the time fixed by the contract, and subsequently the tenant made payment on account of rent, thus showing an intention of the parties to continue the lease. It is to be noted, also, that the contract of sale in that case provided that unless it was carried out by the defendant by a certain date the same and everything therein contained should be null and void and of no further effect. That is clearly a different situation from the present case. The other cases cited (*Stewart* v. *Long Island R. R. Co.,* 102 N. Y. 601; *Sweet* v. *Henry,* 175 id. 268; *Williams* v. *Haddock,* 145 id. 144; *New York Building Loan Banking Co.* v. *Keeney,* 56 App. Div. 538; *Campbell* v. *Babcock,* 26 Abb. N. C. 35; 13 N. Y. Supp. 843) can all be distinguished from the instant case and, while they discuss the doctrine of merger and the question of the intention of the parties, they do not convince the court of any error in the former ruling.

On rehearing, the application to vacate the final order in favor of the tenant, and for a new trial, is denied.