Milton K. Kavey, Appellant, v. Charles Abrahams et al., Respondents.— In an action to recover the reasonable value of the use and occupation of premises originally occupied by defendants under a lease containing an option

to purchase which was accepted by defendants, plaintiff appeals from an order, on reargument, which granted defendants' motion for summary judgment under rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. The prior judgment directing appellant to specifically perform necessarily required a finding that respondents had on or before March 31, 1951, accepted the option and were ready and able to close title on or before that day, which was fixed by the lease as the limit of the period in which the respondents might purchase. The rent for the first year and the deposit under the lease were to be applied to the purchase price. The intent of the parties that the relationship of landlord and tenant should cease by March 31, 1951, on the exercise of the option, is apparent from the agreement for the application of the rent and deposit. The decision of the Official Referee gave respondents an opportunity to establish any damage they might have sustained by reason of the failure to deliver a proper deed. The Referee, by giving such an opportunity, must have found that the appellant had not tendered a deed with a proper description. Appellant could not, by failing to perform in accordance with the contract created by the exercise of the option, continue the relationship of landlord and tenant beyond the date at which the parties contemplated the relationship should end. (Cf. *Bullock* v. *Cutting*, 155 App. Div. 825.) Adel, Wenzel and MacCrate, JJ., concur; Johnston, Acting P. J., and Schmidt, J., dissent and vote to deny the motion, with the following memorandum: This seems to be an unjust result. The prior judgment provided that all adjustments were to be made as of December 17, 1951. Pursuant thereto the vendor (appellant) has been compelled to pay taxes, insurance, and similar expenses for the upkeep of the property from April 1, 1951, to December 17, 1951, and has not been allowed interest on the purchase money except from December 17, 1951, and yet the vendees (respondents) are being allowed to have this property without rent and without expense of upkeep for the eight and one-half month period in question. The general rule is that the vendor is entitled to interest on the purchase money or to rent, but not to both; and the same rule applies to the vendee. (66 C. J., Vendor and Purchaser, § 796.) Here the vendees (respondents) are not paying rent for the period in question and did not pay interest on the purchase money. This court held in *Sunset Motors* v. *Rettmer* (281 App. Div. 682), decided December 1, 1952, that the vendee be charged interest under similar circumstances. In our opinion, it is at least a question of fact to be determined on a trial whether the intention of the parties was that the possession of respondents should be under the lease after the option was exercised and until the date as to which adjustments were to be made, or whether such possession should be under the contract to purchase. The usual rule is that, on the exercise by a lessee of an option to purchase contained in a lease, the relationship of vendor and vendee is created (*Bullock* v. *Cutting*, 155 App. Div. 825), but that rule is subject to exceptions and one of the exceptions is where the intention of the parties is adverse thereto. In the case at bar, the option to purchase was exercised on December 12, 1950, yet the respondents continued to pay rent thereafter until April 1, 1951, which we assume from the fact that no claim is made for rent between December 12, 1950, and April 1, 1951. In our opinion, this is sufficient to raise a question of fact as to whether the possession after December 12, 1950, was as vendee under the contract to purchase, or as tenant under the lease until the date as of which adjustments were to be made. (See *Bostwick* v. *Frankfield*, 74 N. Y. 207, and comments thereon in *502 Park Ave. Corp.* v. *Delmonico Hotel*, 132 Misc. 686.) Furthermore, there is a provision in the lease that the landlord

was to give the tenant credit for the "first year's rent" on account of the selling price. In our opinion, if the option were exercised on March 31, 1951, and the sixty-day notice was to be reckoned from that day, under that provision the tenant would have to pay the rent after April 1, 1951, and until the closing, but would receive credit on account of the selling price only for the first year's rent, i.e., up to April 1, 1951.